46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmelita JOSE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70432.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided Dec. 30, 1994.
 
 Before: HUG, CANBY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carmelita Jose appeals the Board of Immigration Appeals' (BIA) decision to affirm an immigration judge's (IJ) denial of her application for voluntary departure pursuant to section 244(e) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1254(e). Jose concedes that she is deportable as charged, but argues that the BIA and the IJ abused their discretion in refusing to let her voluntarily depart this country.
 
 
 3
 The BIA decides whether to grant an application for voluntary departure as a matter wholly within its discretion. Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). In reviewing the BIA's decision to deny an application for voluntary departure, "we may examine only whether the Board actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992). "The Board need only support its conclusion 'with a reasoned explanation based on legitimate concerns.' " Id. (quoting Hernandez-Luis v. INS, 869 F.2d 496, 499 (9th Cir.1989); Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 4
 In the present case, Jose entered the United States using a Philippine passport and a United States nonimmigrant visa issued to her under a false name. "Section 101(f)(6) of the Immigration and Nationality Act states that 'one who has given false testimony for the purpose of obtaining any benefits under this Act' during the pertinent period cannot be regarded as possessing 'good moral character' and is thus statutorily ineligible for voluntary departure." Id. (quoting 8 U.S.C. Sec. 1101(f)). In Abedini, this court held that false statements such as presenting a false passport, while not necessarily requiring a finding of statutory ineligibility, could support the BIA's discretionary denial of voluntary departure. Id.
 
 
 5
 Jose explained that she used the alias at the prompting of the Philippine government to protect her from potential harm while collecting confidential information in the United States. The record also shows that she had applied and been rejected for a tourist visa three times when using her real name. Considering her testimony and the circumstances in the rest of her record, the IJ and the BIA found Jose's story to be "incredible."
 
 
 6
 We review a credibility finding for substantial evidence. Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). We generally give substantial deference to an immigration judge's credibility findings when based on specific, cogent reasons for disbelieving the witness. Id. (citing Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986)). In this case, the IJ and the BIA offered specific, cogent reasons for not crediting Jose's testimony. Therefore, the BIA's explanation of its denial of voluntary departure following her use of a passport and visa under another name constitutes "a reasoned explanation based on legitimate concerns." See, Abedini, 971 F.2d at 193 (quoting Hernandez-Luis v. INS, 869 F.2d 496, 499 (9th Cir.1989)). We therefore affirm the decision of the BIA.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3