Jose **HERNANDEZ–LUIS**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 87–7512.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1989.

Decided March 6, 1989.

Raul M. Montes, Montes & Montes, San Diego, Cal., for petitioner.

Alice M. Smith, Office of Immigration Litigation, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before WALLACE, FARRIS and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Jose Hernandez–Luis petitions for review of the Board of Immigration Appeal's (BIA) affirmance of an immigration judge's (IJ) denial of suspension of deportation and voluntary departure. He argues he is statutorily eligible for suspension of deportation because: (1) a 1978 prehearing administrative departure did not interrupt his seven years of continuous presence, and (2) his conviction was for a petty offense so it did not preclude him from establishing good moral character. Hernandez–Luis further argues that the Board erred in denying his request for voluntary departure. We affirm.

Jose Hernandez–Luis is a native and citizen of Mexico. He first entered the United States in 1976. In 1978, he was apprehended by the Immigration and Naturalization Service (INS) and granted a prehearing administrative departure pursuant to 8 U.S.C. § 1252(b). Shortly thereafter, he again entered the United States without inspection.

On June 9, 1983, the INS issued an order to show cause why Hernandez–Luis should not be deported for having entered the United States without inspection. At a hearing before an IJ, Hernandez–Luis conceded deportability and requested suspen-

sion of deportation pursuant to 8 U.S.C. § 1254. In the alternative he requested that he be granted voluntary departure pursuant to 8 U.S.C. § 1254(e). The IJ denied suspension of deportation upon concluding that the prehearing administrative departure in 1978 meaningfully interrupted Hernandez–Luis' seven years of continuous presence in the United States. Voluntary departure was denied as a matter of discretion.

The BIA affirmed and dismissed Hernandez–Luis' appeal. The BIA concluded that his prehearing administrative departure in 1978 meaningfully interrupted his seven years of continuous physical presence and that Hernandez–Luis failed to establish that the INS's alleged failure to inform him of his rights was prejudicial. The BIA also concluded that Hernandez–Luis failed to establish good moral character. The BIA exercised its discretion and denied Hernandez–Luis' request for voluntary departure. Hernandez–Luis timely petitioned for review.

An otherwise deportable alien is eligible for a discretionary grant of suspension of deportation if: (1) he has been continuously present in the United States for seven years, (2) he is of good moral character, and (3) deportation would result in extreme hardship to the alien or to his United States citizen resident spouse, parent, or child. 8 U.S.C. § 1254(a)(1).[1] We review the Board's finding of statutory ineligibility under a substantial evidence standard. *Zepeda–Melendez v. INS*, 741 F.2d 285, 289 (9th Cir.1984).

■ Hernandez–Luis contends that his prehearing administrative departure in 1978 did not interrupt his seven years of continuous physical presence. Specifically, he argues that the departure may not be validly used against him when determining whether he met the seven year continuous presence requirement because the INS failed to inform him of his right to counsel and to a hearing.[2] Assuming, *arguendo*, that Hernandez–Luis was entitled to be informed of those rights and was not so informed, this argument lacks merit.

The violation of an INS regulation does not necessarily render a deportation unlawful. *See United States v. Cerda–Pena*, 799 F.2d 1374, 1377 (9th Cir.1986). The alien must demonstrate the violation prejudiced an interest protected by the regulation. *Id.* at 1377. To show prejudice, the alien must establish more than that he would have availed himself of the procedural protections; he must produce "concrete evidence" that the violation had the potential for affecting the outcome of the proceeding. *Id.* at 1379.

Although Hernandez–Luis contends his rights were prejudiced, he does not show how the result of the 1978 proceedings would have been affected had he been advised of his rights. Hernandez–Luis merely states that had he been advised of his rights, he would have been able to present his case at a deportation hearing. This is insufficient to demonstrate prejudice. *Cerda–Pena*, 799 F.2d at 1379. Accordingly, we affirm the BIA's conclusion that the alleged violation did not invalidate Hernandez–Luis' voluntary departure in 1978.

■ We are thus confronted with the question of whether Hernandez–Luis' voluntary departure in 1978 broke the seven years continuous presence requirement of 8 U.S.C. § 1254(b), or if it was a "brief, casual, and innocent" departure under § 1254(b)(2) which did not break his continuous presence. The precise parameters of the brief, casual, and innocent exception are unsettled. *See, e.g., DeGurules v. INS*, 833 F.2d 861 (9th Cir.1987); *Catholic Social Services Inc. v. Meese*, 685 F.Supp. 1149 (E.D.Ca.1988). It is quite clear, however, that a voluntary departure under threat of coerced deportation is not a brief, casual, and innocent absence from the United States. *Barragan–Sanchez v. Rosenberg*, 471 F.2d 758, 760 (9th Cir.1972).

---

**1.** Hernandez–Luis has two United States citizen children.

**2.** Formal deportation proceedings are not required if an alien admits to being deportable and voluntarily departs from the United States.

*See* 8 U.S.C. § 1252(b); 8 C.F.R. § 242.5 (1988). 8 C.F.R. § 287.3 (1988) requires that aliens are to be advised of the rights to representation by counsel and to a hearing.

Accordingly, we affirm the BIA's denial of suspension of deportation on the ground that Hernandez–Luis was not continuously present in the United States for the required seven year period. Because we affirm on that basis, we need not consider the BIA's alternative ground for denying suspension of deportation.

■ Hernandez–Luis lastly contends that the BIA abused its discretion by denying him voluntary departure under 8 U.S.C. § 1254(e). An alien who can establish, among other things, good moral character for the five years preceding an application for voluntary departure may be permitted to depart voluntarily. 8 U.S.C. § 1254(e). It is within the BIA's discretion whether to grant or deny voluntary departure. *Cunanan v. INS*, 856 F.2d 1373, 1374 (9th Cir. 1988). We review the BIA's decision under an arbitrary and capricious standard. *Id.* The BIA properly exercises its discretion if it supports its conclusion with a reasoned explanation based on legitimate concerns. *Vargas v. INS*, 831 F.2d 906, 908 (9th Cir. 1987).

The BIA noted the following favorable factors: (1) Hernandez–Luis' long residence in this country, (2) that he had two United States citizen children, (3) his steady employment, and (4) subsequent to his 1980 conviction for driving while intoxicated, Hernandez–Luis has been a law abiding citizen. The negative factors were Hernandez–Luis' criminal record and the fact that he could not promise he would not again illegally enter the United States if he was granted voluntary departure. The BIA noted that the acceptance of voluntary departure contains the implied understanding that an alien will not illegally reenter the United States. The BIA thus noted and considered positive and negative factors bearing on Hernandez–Luis' request for voluntary departure. We cannot conclude from the record that the decision to deny Hernandez–Luis' request for voluntary departure was arbitrary or capricious. Accordingly, we affirm.

AFFIRMED.