5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Miguel ROBLES-ROBLES, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9565.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.[2]
 
 
 2
 Petitioner, a native and citizen of Mexico, appeals from an order of the Board of Immigration Appeals (BIA) which affirmed the decision of the Immigration Judge (IJ) finding petitioner deportable and denying his application for suspension of deportation. We review the BIA's legal determinations de novo, Kapcia v. INS, 944 F.2d 702, 705 (10th Cir.1991), and affirm.
 
 
 3
 Petitioner came to the United States in the early 1980s. In 1989, he was permitted to return to Mexico voluntarily in lieu of deportation. He returned to the United States a few days later without inspection and was again apprehended. Petitioner then conceded deportability but requested suspension of deportation. See 8 U.S.C. 1254. The IJ held that petitioner was not eligible because, due to his return to Mexico, petitioner could not show his continuous physical presence in the United States for at least seven years. See 8 U.S.C. 1254(a)(1). Following the BIA's affirmance of that decision, petitioner appealed to this court.
 
 
 4
 On appeal, petitioner argues his return to Mexico was brief, casual, and innocent and, therefore, was not a meaningful interruption of his physical presence in the United States. See 8 U.S.C. 1254(b)(2). Petitioner further argues his return cannot be considered a meaningful interruption because it was caused by the Immigration Service. Petitioner also argues he was denied equal protection because the BIA has inconsistently applied the continuous physical presence requirements.
 
 
 5
 A prehearing "voluntary departure under threat of coerced deportation is not a brief, casual, and innocent absence from the United States." Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989); see also INS v. Rios-Pineda, 471 U.S. 444, 449 n.2 (1985); Barragan-Sanchez v. Rosenberg, 471 F.2d 758, 760 (9th Cir.1972)(although called voluntary, petitioner's departure actually coerced by threats of deportation; departure accepted as lesser of two evils). Further, "acceptance of voluntary departure contains the implied understanding that an alien will not illegally reenter the United States." Hernandez-Luis, 869 F.2d at 499; Barragan-Sanchez, 471 F.2d at 760 (voluntary departures result of implied agreement petitioner would not return).
 
 
 6
 Because suspension of deportation is an exceptional form of relief, INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981), and because petitioner clearly has not been continuously physically present in the United States, the BIA correctly denied relief.
 
 
 7
 We have not found, nor does counsel cite, any cases showing petitioner was denied equal protection by the inconsistent application of the continuous physical presence requirements. See 8 U.S.C. 1255a(a)(3)(B), 1254(b)(2)(applying same standard for absences for amnesty applications under Immigration Reform and Control Act of 1986 and suspension of deportation applications under 1254); see also Bailey v. Brooks, 688 F.Supp. 575, 578 (W.D. Wash.1986)(applying interpretation of "brief, casual, and innocent absence" developed under 1254 to amnesty actions). This argument is without merit.
 
 
 8
 The judgment of the Bureau of Immigration Appeals is AFFIRMED. Petitioner's motion for an extension of time in which to file his report of settlement conference is DENIED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument