15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elvia Luisa MACHADO-HERRERA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70682.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 22, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elvia Luisa Machado-Herrera, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' (BIA) denial of her request for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Machado-Herrera contends that the BIA erred by finding her ineligible for suspension of deportation because even though she met the residency and moral character requirements, she did not establish that deportation would cause extreme hardship to her or her daughter. This contention lacks merit.
 
 
 4
 We review under a substantial-evidence standard the BIA's finding that a deportable alien is statutorily ineligible for suspension of deportation. Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). To be eligible for a discretionary grant of suspension of deportation, the alien must show that "(1) [she] has been continuously present in the United States for seven years, (2) [she] is of good moral character, and (3) deportation would result in extreme hardship to the alien or to [her] United States citizen resident spouse, parent, or child." Id. The BIA may construe "extreme hardship" narrowly so long as it considers all relevant factors and states its reasons for denying relief. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citing INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981)). The BIA must carefully appraise the effect deportation would have on the alien's children. Casem v. INS, No. 92-70039, slip op. 12265, 12271 (9th Cir. Nov. 1, 1993) (citing Cerrilo-Perez v. INS, 809 F.2d 1419, 1426 (9th Cir.1987)); but see Ramirez-Durazo, 794 F.2d at 498-99 (upholding finding that economic disadvantages of living in Mexico and reduced educational opportunities for alien's children did not rise to level of extreme hardship). Nonetheless, "[t]he common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991).
 
 
 5
 In support of her request for suspension of deportation, Machado-Herrera testified that she obtained a teaching certificate in Mexico, and from 1980 to 1983 she lived in the United States and worked in Mexico. She had recently obtained a temporary teaching certificate in Arizona and had been teaching first grade there. She had married an American man who was already married to someone else, and they had lived together as husband and wife until she left California a year earlier. Machado-Herrera had a ten-year-old daughter who spoke only a little Spanish and had attended school in the United States. If Machado-Herrera were deported, her daughter could stay for some time with the child's father's parents in the United States. Machado-Herrera's parents and two sisters lived in Mexico.
 
 
 6
 The BIA found that because Machado-Herrera probably could find work in Mexico, she did not demonstrate that deportation would cause her and her daughter great economic difficulties. The BIA also found that the daughter was still relatively young and had not been shown to need any special medical or educational attention available only in the United States; therefore, the change to the Mexican cultural environment and Mexican schools would not be overwhelmingly difficult for her. Substantial evidence supported these findings; accordingly, we decline to overturn the BIA's finding that Machado-Herrera did not establish extreme hardship. See Hernandez-Luis, 869 F.2d at 498; Ramirez-Durazo, 794 F.2d at 498-99.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3