41 F.3d 1513
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie Odile LORRANG, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70933.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 10, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marie Odile Lorrang, a native and citizen of France, petitions pro se for review of the Board of Immigration Appeals' (BIA) denial of her request for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Lorrang contends that the BIA erred by (1) failing to give equal weight to the three factors determining eligibility for suspension of deportation, (2) adopting and affirming the immigration judge's (IJ) decision which failed to consider her separation from friends in her community as a hardship factor, and (3) finding that Lorrang had not shown "extreme hardship" to her or to her three United States citizen children warranting a suspension of deportation. These contentions lack merit.
 
 
 4
 We review the BIA's finding that a deportable alien is statutorily ineligible for suspension of deportation under a substantial-evidence standard. Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989).
 
 
 5
 First, to be eligible for a discretionary grant of suspension of deportation, the alien must show that "(1) [she] has been continuously present in the United States for seven years, (2) [she] is of good moral character, and (3) deportation would result in extreme hardship to the alien or to [her] United States citizen resident spouse, parent, or child." Id. Each of these factors must be individually satisfied before an alien is eligible for suspension of deportation. See id.; 8 U.S.C. Sec. 1254(a). Thus Lorrang's contention that they must be weighed equally in aggregate is without merit.
 
 
 6
 Second, the BIA's "[f]ailure to consider all of the factors which bear on extreme hardship is an abuse of the [BIA's] discretion." Mejia-Carrillo v. INS, 656 F.2d 520, 522 (9th Cir.1981). The BIA, however, may construe "extreme hardship" narrowly so long as it considers all relevant factors and states its reasons for denying relief. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (citing INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981)).
 
 
 7
 Here, the IJ considered Lorrang's community ties in determining her good moral character and specifically found that Lorrang's frequent movements around the country limited Lorrang's ability to "establish close community ties." Moreover, Lorrang offered only limited evidence of her ties to the community which the IJ considered in her decision. Given these circumstances, Lorrang's contention that the IJ did not consider her community ties as a relevant factor in the determination of extreme hardship lacks merit.
 
 
 8
 Third, the BIA did not err by determining that Lorrang had not demonstrated extreme hardship to her or to her children warranting suspension of deportation. Generally, "[t]he common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991). Nor does the mere existence of United States citizen children constitute "extreme hardship." See Ramirez-Durazo, 794 F.2d at 498. The BIA, however, must carefully appraise the effect deportation would have on the alien's children who are United States citizens. Casem v. INS, 8 F.3d 700, 703 (9th Cir.1993) (citing Cerrillo-Perez v. INS, 809 F.2d 1419, 1426 (9th Cir.1987)); but see Ramirez-Durazo, 794 F.2d at 498-99 (upholding finding that economic disadvantages of living in Mexico and reduced educational opportunities for alien's United States citizen children did not rise to level of extreme hardship).
 
 
 9
 In support of her request for suspension of deportation, Lorrang testified that she had continuously lived in the United States since 1983, had no criminal record, and was active in her local church and in her children's education. At the time of her hearing before the IJ in 1992, her three United States citizen children were age five, eight, and ten. Lorrang testified that the children do not speak French.
 
 
 10
 Lorrang also testified that the family was primarily supported by Lorrang's husband, a French national, who imports oil from the Middle East. At the time of the hearing, her husband was incarcerated in a California state prison for writing a bad check to cover their expenses during an extended stay at a hotel. Their oil business had been hurt by the Gulf War and her husband's absence. Lorrang, who owns no real property, credit cards, or car, had been financially dependent on the support of others during this period.
 
 
 11
 The IJ found that Lorrang had shown the requisite physical presence in the United States and good moral character, but determined that Lorrang had failed to show "extreme hardship" to either herself or to her United States citizen children.
 
 
 12
 After a review of the record, the BIA found that the IJ had properly determined that Lorrang had not shown "extreme hardship" to her or to her children. The BIA specifically found that the hardship on the children resulting from a move to France and their need to adapt to France's economic and educational system was not extreme hardship. Substantial evidence supports these findings; accordingly, we affirm the BIA's finding that Lorrang did not establish extreme hardship. See Hernandez-Luis, 869 F.2d at 498; Ramirez-Durazo, 794 F.2d at 498-99.[1]
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her reply brief, Lorrang observes that if deported, she would have the "moral obligation" to leave her children in the United States to pursue their education, under either private or public care, rather than having them return with her to France. The BIA did not address this possibility. The potential separation of immediate family members is a relevant consideration. See Casem, 8 F.3d at 703 (BIA must examine the impact of "untying" family ties); Cerrillo-Perez, 809 F.2d at 1423 ("[t]hat young American citizens may be separated from their parents--and concomitantly that alien parents may be separated from their children--are relevant factors to be considered in determining extreme hardship")
 In her testimony before the IJ, however, Lorrang failed to raise this possibility. Moreover, in her brief to the BIA, Lorrang's attorney argued that "[i]t is clear that the mother cannot leave her children in this country [the United States] and thus, she has no choice but to take her children with her to France." Given these circumstances, we decline to consider this issue. See United States v. Winslow, 962 F.2d 845, 849 (9th Cir.1992) (declining to consider issue raised for the first time on appeal); United States v. Rewald, 889 F.2d 836, 854 n. 10 (9th Cir.1989), amended, 902 F.2d 18 (9th Cir.), cert. denied, 498 U.S. 819 (1990) (declining to consider issue raised for the first time in reply brief).