60 F.3d 834
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Adolfo ROUSSE-RUBIO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70340.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Ani-doo-yxl.
 BIA
 PETITION DENIED.
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adolfo Rousse-Rubio, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1) and denial of his motion to reopen. Rousse-Rubio contends that his 1986 deportation did not interrupt his continuous physical presence in the United States. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 Rousse-Rubio first entered the United States in 1972. On October 3, 1986, Rousse-Rubio was formally deported from the United States. On October 11, 1990, an order to show cause was issued charging Rousse-Rubio with entering the United States without inspection. On June 12, 1992, while in deportation proceedings, Rousse-Rubio requested a suspension of deportation.
 
 
 4
 We agree with the IJ and the BIA that Rousse-Rubio's 1986 deportation interrupted his physical presence in the United States and that Rousse-Rubio, therefore, failed to meet the seven year continuous presence requirement of 8 U.S.C. Sec. 1254(a)(1). Cf. Hernandez-Luis v. INS, 869 F.2d 496, 498-99 (9th Cir. 1989) (finding that a voluntary departure under threat of deportation breaks an individual's physical presence); Barragan-Sanchez v. Rosenberg, 471 F.2d 758, 759-60 (9th Cir. 1972) (same).
 
 
 5
 Furthermore, because Rousse-Rubio's appeal of the IJ's denial of his application for suspension of deportation was wholly without merit, we conclude that the BIA did not abuse its discretion by denying Rousse-Rubio's motion to reopen. See INS v. Rios-Pineda, 471 U.S. 444, 450 (1985) ("The Attorney General can, in exercising [her] discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on.").
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3