60 F.3d 832
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Khaled Yassen AL-NAJJAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70992.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Atd-eqp-fkl.
 BIA
 PETITION DENIED.
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Khaled Yassen Al-Najjar, a native and citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the immigration judge's ("IJ") denial of his application for voluntary departure sought pursuant to 8 U.S.C. Sec. 1254(e).
 
 
 3
 In his petition to this court, Al-Najjar contends that the BIA abused its discretion by failing to properly consider the favorable equities presented by him in his application for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 * Background
 
 
 5
 Al-Najjar was admitted to the United States as a nonimmigrant student in 1987. After arriving, Al-Najjar never attended the college for which he was admitted on his F-1 visa. Instead, Al-Najjar, by his own admission, worked for a period of time in violation of his student visa status.
 
 
 6
 In 1990, he was convicted, after a plea of guilty, of possession of a false United States identification document, a misdemeanor, pursuant to 18 U.S.C. Sec. 1028(a)(6).
 
 
 7
 At his deportation hearing, Al-Najjar, represented by counsel, conceded deportability, but requested voluntary departure. On cross-examination, Al-Najjar initially denied having been convicted of any crime. Moreover, he testified that he did not believe that possessing a false identity card and social security card was a crime because in the United States "everyone has, two names or maybe three, five names." Al-Najjar also testified that his mother and siblings were legally residing in the United States. After weighing the favorable and unfavorable factors, the IJ denied him voluntary departure as a matter of discretion. Al-Najjar appealed to the BIA.
 
 
 8
 After an independent review of the record, the BIA dismissed Al-Najjar's appeal, finding that his equities, in terms of family ties and length of residence, and possibility of adjustment of status, did not outweigh the negative factors, including his criminal conviction and immigration violations. Al-Najjar timely petitions for review.
 
 II
 Analysis
 
 9
 We review the BIA's discretionary denial of voluntary departure for an abuse of discretion. Rashtabadi v. INS, 23 F.3d 1562, 1566 (9th Cir.1994). "In reviewing whether the Board properly denied an applicant voluntary departure, we may examine only whether the Board actually exercised its discretion and whether it did so in an arbitrary and capricious manner. The Board need only support its conclusion with a reasoned explanation based upon legitimate concerns." Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992); Hernandez-Luis v. INS, 869 F.2d 496, 499 (9th Cir.1989).
 
 
 10
 Here, the BIA properly considered Al-Najjar's family ties in the United States and the possibility of his obtaining adjustment of status, but found that his criminal and immigration violations outweighed these favorable factors. Because the BIA supports its denial of voluntary departure with "a reasoned explanation based upon legitimate concerns," we will not set aside the BIA's denial of voluntary departure. See Abedini, 971 F.2d at 192-93; Hernandez-Luis, 869 F.2d at 499.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3