69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leodegario MENDOZA-RODRIGUEZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-70664.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided Oct. 27, 1995.
 
 Before: BROWNING, D.W. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leodegario Mendoza-Rodriguez ("Mendoza") petitions for review of a BIA decision denying his application for suspension of deportation under 8 U.S.C. Sec. 1254(a)(1). During the course of examination by the Immigration Judge ("IJ"), Mendoza indicated that at some time before his 1991 absence from the U.S., he had been detained and sent to Mexico, but had returned to the U.S. the next day. The IJ determined that this incident was not "innocent, casual and brief" within the meaning of the statute and therefore interrupted the seven years of continuous residence required to qualify Mendoza for suspension of deportation.
 
 
 3
 Mendoza first argues that even if Mendoza's absence was an administrative voluntary departure, granted and undertaken in lieu of formal deportation hearings, such a departure does not interrupt an alien's continuous physical presence in the United State. This argument is foreclosed by our holding in Hernandez-Luis v. INS, 869 F.2d 496 (9th Cir.1989), which expressly considered the 1986 amendment to Title 8 providing that "brief, casual, and innocent" absence does not interrupt continuous physical presence, 8 U.S.C. Sec. 1254(b), and held that "voluntary departure under threat of coerced deportation is not a brief casual, and innocent absence from the United States." Id. at 498.[1]
 
 
 4
 However, we conclude that the petitioner was denied a fair hearing by the IJ's refusal to allow Mendoza a continuance to obtain evidence regarding the circumstances of his one-day departure from the United States. Nothing in the record suggests petitioner was aware that this incident would be crucial or even relevant to the disposition of his application for suspension of deportation. Neither the government nor the petitioner referred to the incident in the documentation that preceded the hearing. It came to light only during the IJ's examination of Mendoza, whose testimony regarding the matter was, as the hearing transcript reveals, confused, sketchy, and ambiguous. He could not recall when the incident occurred or precisely what happened. The request of Mendoza's attorney for an opportunity to secure evidence relating to the incident was summarily brushed aside.
 
 
 5
 We reject the government's contention that Mendoza need not have been given an opportunity to determine the facts, since he was deportable during the period in question and no further evidence could alter that fact. The issue is not whether Mendoza was subject to deportation, but whether he is eligible for suspension of deportation, and, more particularly, whether his seven years of physical presence were interrupted by voluntary administrative departure. The immediate relief he seeks is a fair opportunity to prove that no such interruption occurred; with further investigation, he may be able to do so. First, the timing of Mendoza's one-day absence is critical, since Mendoza may have completed seven years continuous presence in this country between his one-day absence and his application for suspension of deportation. Alternately, inquiry may reveal that Mendoza's absence, which the IJ characterized as an administrative voluntary departure although Mendoza was unable to fully describe it under questioning, was not in fact an administrative voluntary departure; if that were the case, Mendoza's one-day absence may indeed have been brief, casual and innocent within the meaning of the statute.[2] Accordingly, we remand to permit the petitioner to obtain whatever evidence may be available regarding the one-day departure upon which the government relied to deny him relief, and for such further proceedings as may be appropriate.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hernandez-Luis is not undermined by its reliance on the pre-amendment case Barragan-Sanchez v. Rosenberg, 471 F.2d 758, 760 (9th Cir.1972), which addressed the same issue in light of a then-existing common-law exception for excursions that were "innocent, casual and brief[.]" 471 F.2d at 760. Section 1254(b)(2) codified the common law exception. See H.R.Rep. No. 682, 99th Cong., 2d Sess, pt. 1, at 78 (1986)
 
 
 [2]
 For instance, Mendoza may be able to show that local police rather than INS officials forced him to leave, or that officials caused Mendoza prejudice by violating INS regulations in a manner so egregious as to render the departure proceedings invalid. See, e.g., Attoh v. INS, 606 F.2d 1273, 1277 (D.C.Cir.1979)