91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Camilo Antonio CASTILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70575.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Camilo Antonio Castillo, a native and citizen of Nicaragua, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of the Immigration Judge ("IJ") denying Castillo's request for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1), and voluntary departure under section 244(e)(1) of the INA, 8 U.S.C. § 1254(e)(1). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Castillo contends that the BIA erred by denying his request for suspension of deportation because the BIA failed to consider the factors relating to extreme hardship. Castillo further contends that the BIA erred by denying his request for voluntary departure because the BIA failed to weigh the favorable and unfavorable factors. These contentions lack merit.
 
 
 4
 We review for substantial evidence the BIA's determination that an applicant is statutorily ineligible for suspension of deportation or voluntary departure. Mabugat v. INS, 937 F.2d 426, 431 (9th Cir.1991) (voluntary departure); Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989) (suspension of deportation).
 
 
 5
 Under section 244(a) of the INA, to qualify for suspension of deportation, an applicant must show (1) continuous physical presence in the United States for a period of at least seven years immediately preceding the date of the application, (2) good moral character for the same period, and (3) that he is a person whose deportation would result in extreme hardship to himself, or to a spouse, parent or child who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1254(a)(1); Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985).
 
 
 6
 In order to qualify for voluntary departure, an applicant must demonstrate that he is willing and able to depart the United States at his own expense in addition to establishing good moral character for the five years immediately preceding the application for voluntary departure. See 8 U.S.C. § 1254(e)(1).
 
 
 7
 A person who has been convicted of a crime involving moral turpitude cannot establish good moral character. See 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i)(I).
 
 
 8
 Castillo filed his application for suspension of deportation and voluntary departure on July 15, 1994. Castillo was convicted of assault with a deadly weapon in violation of Cal.Penal Code § 245(A)(1) on August 10, 1989. Assault with a deadly weapon is a crime involving moral turpitude. See Gonzales v. Barber, 207 F.2d 398, 400 (9th Cir.1953), aff'd, 347 U.S. 637 (1954).
 
 
 9
 Because Castillo has been convicted of a crime involving moral turpitude within the seven-year period, he cannot demonstrate good moral character for suspension of deportation. See 8 U.S.C. § 1254(a)(1). Similarly, Castillo cannot show good moral character for the five years immediately preceding the application for voluntary departure because his conviction falls within the five-year period. See 8 U.S.C. § 1254(e)(1). Accordingly, substantial evidence supports the BIA's finding of statutory ineligibility. See Mabugat, 937 F.2d at 431; Hernandez, 869 F.2d at 498.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3