**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-50037

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE MONTES,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC No. EP-01-CR-1196-ALL-DB

March 10, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mike Montes ("Montes") appeals his conviction of conspiracy to import a controlled

substance; of five counts of importation of a controlled substance; of conspiracy to possess a

---

[*] Pursuant to 5TH CIR. R. 47.5, t he court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

controlled substance with intent to distribute; and of five counts of possession with intent to distribute a controlled substance.

Montes first argues that the evidence is insufficient to support the jury's finding that he was not entrapped as a matter of law. Entrapment is an affirmative defense in which the defendant must show two elements: 1) government inducement and 2) the defendant's lack of predisposition to engage in criminal conduct. *United States v. Thompson*, 130 F.3d 676, 689 (5th Cir. 1997). After the defendant makes a prima facie showing of entrapment, the burden shifts to the Government to prove beyond a reasonable doubt either that the defendant was not induced or that the defendant was predisposed to commit the crime. *Id*. We review the jury's rejection of the entrapment defense using the same standard that we use to review the sufficiency of the evidence. *Id*. at 688. We must accept every fact in the light most favorable to the jury's guilt verdict and may reverse only if no rational jury could have found beyond a reasonable doubt either 1) the lack of government inducement or 2) the defendant's predisposition to commit the charged crime. *United States v. Wise*, 221 F.3d 140, 154 (2000).

Here, Montes testified that he purchased packages of cocaine in Mexico at the behest of Roberto Hernandez ("Hernandez"), a canine enforcement officer with U.S. Customs and member of the Texas Air National Guard. However, Hernandez testified that he never asked Montes to purchase cocaine or deliver cocaine to him. A rational jury could find Hernandez's version of events to be more believable than Montes' version. Therefore, accepting every fact in the light most favorable to the jury's verdict, a rational jury could find beyond a reasonable doubt that Montes was not induced by the Government to commit the offenses for which he was convicted.

Also, a rational jury could find that Montes was predisposed to commit the crimes for which

he was convicted. Montes' testimony revealed that he traveled to Mexico on multiple occasions to purchase cocaine using large sums of money given to him by another person specifically for that purpose, and that he smuggled packages of the cocaine he purchased across the U.S. border for delivery to Hernandez. A rational jury could find that Montes' willingness to take these actions is indicative of his predisposition to commit these crimes. *See Wise*, 221 F.3d at 154 ("The active, enthusiastic participation on the part of the defendant is enough to allow the jury to find predisposition.").

Montes also argues that there is not sufficient evidence to support the jury's finding of his involvement in a criminal conspiracy, since the Government failed to prove the existence of other conspirators. This argument is without merit. The Government must prove beyond a reasonable doubt 1) that an agreement to violate the narcotics laws existed, 2) that the defendant knew of this agreement, and 3) that the accused knowingly and voluntarily participated in the conspiracy. *United States v. Williams-Hendricks,* 805 F.2d 496, 502 (5th Cir. 1986). The Government may prove the existence of a conspiracy with circumstantial evidence, *id*., and a defendant may be convicted for conspiring with unknown individuals. *United States v. Price,* 869 F.2d 496, 502 (5th Cir. 1989).

Here, the Government bases its conspiracy theory on the boxes of money that Montes testified were left at his house by an unknown individual. Montes used this money to purchase large quantities of cocaine in Mexico. Since there is no evidence to suggest that Montes had the personal assets to buy such large quantities of cocaine, a reasonable jury could infer that an unknown co-conspirator was leaving the money. When asked at trial whether he knew who provided him with the money, Montes responded: "No, I don't. I'm afraid to say." This response leaves open the possibility that Montes knew who gave him the money, but was afraid to make that individual known

to the jury.  Further, a reasonable juror could infer that the co-conspirator would not provide Montes

with such a large amount of money without an agreement as to how it would be used.  Thus, viewing

the evidence in the light most favorable to the verdict, we conclude that a rational tier of fact could

have found that the essential elements of the conspiracy were proven beyond a reasonable doubt.  *See*

*United States v. Chavez*, 119 F.3d 342, 347 (5th Cir. 1997).

AFFIRMED.