David CARLIN–ROMO, Petitioner,

v.

John D. ASHCROFT, U.S. Attorney
General, Respondent.

No. 00–71532.
INS No. A74–384–165.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2002.*

Decided April 9, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before McKEOWN, PAEZ, Circuit Judges, and POLLAK,** Senior District Judge.

MEMORANDUM***

Petitioner David Carlin–Romo ("Carlin") petitions for review of the denial of his application for suspension of deportation. Carlin also requests that we remand to the Board of Immigration Appeals ("BIA") so that it may consider whether he is entitled to "repapering" under section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Note to 8 U.S.C.A. § 1101. Carlin's case is governed by IIRIRA's transitional rules. *Kalaw v. INS*, 133 F.3d 1147, 1150. We deny the petition.

** The Honorable Louis H. Pollak, District Judge, United States Senior District Court for the Eastern District of Pennsylvania, sitting by designation.

## I. Suspension of Deportation

Carlin relies upon several grounds to challenge the BIA's ruling that he is ineligible for suspension of deportation due to his failure to show seven years of continuous physical presence as required by 8 U.S.C. § 1254(a)(1)(1994). We reject his arguments.

■ Carlin first asserts that his departure in 1991 did not interrupt his accumulation of time because he was absent for less than a day. In *Hernandez–Luis v. INS*, 869 F.2d 496, 498 (9th Cir.1989), we held that departure from the country pursuant to an order of voluntary departure interrupts the accumulation of time for the purposes of continuous physical presence. *See also Barragan–Sanchez v. Rosenberg*, 471 F.2d 758, 760 (9th Cir.1972). The fact that Carlin was outside of the United States for less than a day is not material because a voluntary departure under threat of coerced deportation meaningfully interrupts continuous physical presence. *Id.*

■ Carlin next challenges the immigration judge's (IJ's) finding that his departure occurred pursuant to an order of voluntary departure. The burden is on Carlin to demonstrate that he established seven years of continuous physical presence in the United States, *Ramirez–Durazo v. INS*, 794 F.2d 491, 497 (9th Cir.1986), and that any breaks in continuous physical presence were brief, casual, and innocent, 8 C.F.R. § 240.64(b)(1). In light of Carlin's testimony that in 1991 the border patrol sent him back to Mexico after giving him a paper stating that he was allowed to leave voluntarily, the IJ's conclusion that Carlin left the United States under an

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order of voluntary departure was not speculative or unreasonable. Carlin says that it "is at least as reasonable" that he received "something else that would not [interrupt his physical presence]." Under the substantial evidence standard that guides our review of whether an alien has satisfied the continuous physical presence requirement, the fact that another finding would have been "at least as reasonable" as that made by the IJ is insufficient to overturn the finding. *Kalaw*, 133 F.3d at 1151.

◾ Carlin also challenges the IJ's finding on the ground that there is no evidence that the grant of voluntary departure was issued in compliance with the INS's regulations. Specifically, Carlin questions whether the grant was made by an authorized official and whether it occurred in response to a request by Carlin, as required by 8 C.F.R. § 240.25. In order for a violation of an INS regulation to invalidate a voluntary departure, an applicant "must produce 'concrete evidence' that the violation had the potential for affecting the outcome of the preceding." *Hernandez–Luis*, 869 F.2d at 498. Carlin has produced no evidence that a violation occurred at all, nor has he provided any indication that strict compliance with the regulations would have prevented his forced departure from the United States. As a result, his speculations regarding the circumstances surrounding his departure are insufficient to render the departure invalid as an interruption of continuous physical presence.

◾ Finally, Carlin raises, without arguing, the possibility that despite our recent ruling in *Ram v. INS*, 243 F.3d 510 (9th Cir.2001), the retroactive application of the stop time rule violated his right to due process.[1] Even if there were any

merit to this argument, it does not aid Carlin. "Before IIRIRA, aliens accrued time toward the 'continuous physical presence in the United States' requirement until they applied for suspension of deportation." *Guadalupe–Cruz v. INS*, 240 F.3d 1209 (9th Cir.2001); *see* 8 U.S.C. § 1254(a)(1) (1970) (requiring that an alien "has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application").

Under the pre-IIRIRA rules, Carlin's physical presence would have ceased to accrue when he filed for suspension of deportation on January 22, 1997. Carlin could not have achieved seven years of continuous physical presence between 1991 and the date of his application for suspension of deportation.

## II. Repapering

◾ Carlin also requests that we remand to the BIA for consideration of whether he qualifies for "repapering" under IIRIRA § 309(c), Note to 8 U.S.C.A. § 1101. Section 309(c)(3) provides a mechanism whereby the Attorney General, in his or her discretion, may elect to close certain deportation cases proceeding under the old rules and reopen such cases under the new rules.

By the terms of the statute, Carlin does not qualify for repapering. Section 309(c)(3) states: "In the case [of an alien who is in exclusion or deportation proceedings before April 1, 1997], the Attorney General may elect to terminate proceedings in which there has not been a final administrative decision and to reinitiate proceedings under [the new law]." Carlin received a final administrative decision by the BIA on October 25, 2000. Thus, even

---

1. The stop time rule, 8 U.S.C. § 1229b(d)(1), provides that continuous physical presence ceases to accrue upon the initiation of deportation proceedings.

if we were to conclude both that Carlin could raise this issue in this proceeding despite his failure to raise it before the BIA, and that we have jurisdiction to review the Attorney General's discretionary decisions with regard to repapering, Carlin would still be ineligible for this form of relief.

**PETITION DENIED.**