Ricardo **MAGALLON**, Petitioner,

v.

John **ASHCROFT**, Attorney General,* Respondent.

No. 02–71655.

Agency No. A74–429–206.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.**

Decided Sept. 19, 2003.

---

\* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ricardo Magallon, Los Angeles, CA, pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Edward C. Durant, U.S. Department of Justice, Office of Immigration Litigation, Linda S. Wendtland, DOJ–U.S. Department Of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

## MEMORANDUM***

Ricardo Magallon, a native and citizen of Mexico, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") denial of his request for suspension of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Kalaw*, 133 F.3d at 1151, and deny the petition for review.

■ The IJ found that Magallon was statutorily ineligible for suspension of deportation because he could not show the requisite seven years of continuous physical presence in the United States.[1] Magallon contends that the IJ should have allowed him to demonstrate that he was not properly informed of his rights to a hearing and to be represented by counsel when he accepted a grant of voluntary departure from the INS. We disagree. Magallon did not raise this issue before the IJ, and he presented no evidence to the BIA to show that he was prejudiced by the alleged violation of his rights. *See Hernandez–Luis v. INS*, 869 F.2d 496, 498 (9th Cir.1989) ("To show prejudice, the alien must establish more than that he would have availed himself of the procedural protections; he must produce 'concrete evidence' that the violation had the potential for affecting the outcome of the proceeding.").

■ Magallon further contends that he should be eligible for suspension of deportation because, although he departed from the United States, he did not remain outside the country for more than a year. Because Magallon did not raise this issue in his appeal to the BIA, he failed to exhaust administrative remedies and we

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Magallon admitted at his hearing that, in 1993, he was caught attempting to enter the United States illegally and accepted an administrative grant of voluntary departure from the Immigration and Naturalization Service ("INS") in lieu of being placed in deportation proceedings, but he returned to the U.S. roughly a week later.

lack jurisdiction to consider his contention. *See Cortez–Acosta v. INS,* 234 F.3d 476, 479 (9th Cir.2000).

Finally, we reject Magallon's contention that the IJ erred by making an adverse credibility finding because the IJ found that Magallon testified honestly.

**PETITION FOR REVIEW DENIED.**