Alejandro ZENTENO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73805.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Alejandro Zenteno, Hollywood, CA, pro se.

Claudia Moran, Hollywood, CA, pro se.

Veronica Zenteno Moran, Hollywood, CA, pro se.

Javier Zenteno Moran, Hollywood, CA, pro se.

Monica Zenteno Moran, Hollywood, CA, pro se.

Soledad Zenteno Moran, Hollywood, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Peachey, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

Alejandro Zenteno, his wife, and their four minor children, all natives and citizens of Mexico, petition pro se for review of the order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") decision denying their applications for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the petitioners' constitutional challenges de novo, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001), and we review for substantial evidence the determination that the minor petitioners failed to satisfy the physical presence requirement, *Kalaw*, 133 F.3d at 1151. We deny the petition for review.

The stop-time rule applies to aliens applying for suspension of deportation under the Illegal Immigration Reform and Immigrant Responsibility Act's transitional rules, and the retroactive application of the stop-time rule is constitutional. *See Ram*, 243 F.3d at 516–17. Furthermore, because substantial evidence supports the IJ's conclusion that the minor petitioners did not establish seven years continuous presence, the IJ was not required to consider the remaining prerequisites for suspension of deportation. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir.2004), *Hernandez–Luis v. INS*, 869 F.2d 496, 498–99 (9th Cir.1989).

Petitioners' contention that the BIA's streamlined decision violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–52 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), the petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

We direct the clerk to amend the docket to reflect that John Ashcroft, Attorney General, is the proper respondent.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

