Pedro RAMIREZ; et al., Petitioner,

v.

Alberto GONZALES, Attorney General of the United States,* Respondent.

No. 02–72486.

INS Nos. A75–301–736, A75–301–737.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pedro Ramirez, E. Palo Alto, CA, pro se.

Isabel Aguirre–Ramirez, E. Palo Alto, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Donald A. Couvillon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

*** This disposition is not appropriate for publication and may not be cited to or by the

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Pedro and Isabel Ramirez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") denial of their applications for suspension of deportation. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's decision that an applicant has failed to establish seven years of continuous physical presence in the United States, *see Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003), and we deny the petition for review.

■ Substantial evidence supports the BIA's conclusion that Mr. Ramirez was not a credible witness as his testimony and application contained inconsistencies regarding key elements of his claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Because Mr. Ramirez's testimony did not establish continuous physical presence, it was reasonable for the BIA to consider the absence of reliable documentation proving that he had resided in the United States for seven years. *See id.* at 1043–44; *cf. Vera–Villegas*, 330 F.3d at 1234 (9th Cir.2003) (holding that inadequate documentary evidence did not bar an application for suspension of deportation because the applicant's testimony was otherwise sufficient).

■ Substantial evidence also supports the BIA's holding that Ms. Ramirez's order of voluntary departure in 1995 precluded her from meeting the continuous physical presence requirement. *See Her-*

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*nandez–Luis v. INS,* 869 F.2d 496, 498 (9th Cir.1989).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.