82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolina Almarez LAGUA, a.k.a. Bernardita Ortega, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70301.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carolina Almarez Lagua, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying her application for voluntary departure under section 244(e) of the Immigration and Nationality Act, 8 U.S.C. § 1254(e). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 We review a discretionary denial of voluntary departure for abuse of discretion. Abedini v. INS, 971 F.2d 188, 191 (9th Cir.1992). This court "may examine only whether the [administrative agency] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Id. at 193.
 
 
 5
 To qualify for voluntary departure, an applicant must show that she is willing and able to depart from the United States at her own expense, and that she has been a person of good moral character for at least the five years preceding her application. 8 U.S.C. § 1254(e). The applicant must also show positive equities meriting a favorable exercise of discretion. Abedini, 971 F.2d at 192-93.
 
 
 6
 Lagua contends that the IJ abused his discretion by failing to consider all of the equities in her favor. Specifically, Lagua argues that the IJ failed to consider: (1) the fact that she voluntarily informed the Immigration and Naturalization Service that she had entered the United States in 1991 with a false passport and visa, and subsequently obtained documentation as a temporary resident by fraud; (2) "her good conduct and truthfulness since her initial fraud;" (3) her history of employment; (4) the absence of a criminal record; and (5) the hardship to her citizen child in the event of her deportation.
 
 
 7
 Here, the IJ considered Lagua's then three-year-old citizen child and her length of residence in the United States to be positive equities. The IJ then weighed these equities against the "significant adverse factors" relating to her immigration violations, and found that Lagua did not merit discretionary relief.
 
 
 8
 We find no support for Lagua's contention that her voluntary disclosure of fraud should be weighed as a positive equity. The record, moreover, does not support Lagua's assertion of good conduct following her entry, nor does it contain information regarding her lack of a criminal record. Although the IJ did not weigh Lagua's employment history, Lagua failed to raise this factor as a positive equity before the IJ or the BIA.
 
 
 9
 Accordingly, because the IJ supported his decision " 'with a reasoned explanation based on legitimate concerns,' " id. at 193 (citing Hernandez-Luis v. INS, 869 F.2d 496, 499 (9th Cir.1989)), we will not set aside the IJ's denial of voluntary departure.[1]
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lagua's contention that the IJ impermissibly considered her subsequent fraudulent act of obtaining temporary residence has no merit. In Delmundo v. INS, 43 F.3d 436, 440-41 (9th Cir.1994), this court held that in adjudicating a waiver of excludability for individuals who entered the United States by fraud, the BIA may not consider the initial fraudulent entry, nor extensions of the original fraud, because these are the actions for which the applicant seeks to be forgiven. Id. at 440-41. Voluntary departure, by contrast, requires the factfinder to weigh both the favorable and the unfavorable factors to determine whether relief is warranted. See Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993)