83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Heriberto SILVA; Ana Maria Silva, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70903.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 17, 1996.
 
 Before: HUG, Chief Judge, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ana Maria Silva, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of her application for suspension of deportation under 8 U.S.C. § 1254(a)(1).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 On petition for review, Silva contends the BIA erred by adopting the IJ's determination that Silva had failed to show "extreme hardship" and therefore was not eligible for suspension of deportation.
 
 
 4
 We review the BIA's factual determination that an alien is statutorily ineligible for suspension of deportation under the "substantial evidence" standard. See Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989). Under the "substantial evidence" standard, "we may not reverse the BIA simply because we disagree with its evaluation of the facts, but only if we conclude that the BIA's evaluation is not supported by substantial evidence." De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990) (quotations omitted).
 
 
 5
 The BIA is required to "state its reasons and show proper consideration of all factors when weighing equities and denying relief." See Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991) (quotations omitted). The BIA's adoption of the IJ's decision meets this requirement if the BIA makes clear in its opinion that it is adopting the IJ's decision and if it is apparent that the BIA gave individualized consideration to the particular case before it. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). When the BIA clearly incorporates the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. See id.
 
 
 6
 Here, in affirming the IJ's decision, the BIA stated that it had "reviewed the record of proceedings, the immigration judge's decision, and the respondent's contentions on appeal" and found that the IJ had "adequately and correctly addressed the issues raised on appeal." This is sufficient to meet the requirement that the BIA state its reasons and show proper consideration of all factors before denying relief; the BIA did not have to discuss the relevant factors in its own words. See Alaelua, 45 F.3d at 1381.
 
 
 7
 Suspension of deportation requires a showing of "extreme hardship," and the BIA has the authority to construe "extreme hardship" narrowly. See INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981); Hassan, 927 F.2d at 467. Generally, "[t]he common results of deportation or exclusion are insufficient to prove extreme hardship." Hassan, 927 F.2d at 468. Moreover, mere economic hardship, without more, is insufficient to establish "extreme hardship." Santana-Figueroa v. INS, 644 F.2d 1354, 1356 (9th Cir.1981).
 
 
 8
 Here, given Silva's failure to present sufficient concrete evidence that she would be unable to find any employment in Nicaragua, substantial evidence supports the IJ's determination that Silva had failed to show extreme hardship due to the poor economic prospects in Nicaragua. Cf. id. Moreover, given Silva's family ties to Nicaragua, the IJ did not err by finding that the loss of her community ties in the United States also did not rise to the level of extreme hardship. See Patel v. INS, 638 F.2d 1199, 1206 (9th Cir.1980); see also Jong Ha Wang, 450 U.S. at 143. Accordingly, the BIA did not err by affirming the IJ's denial of suspension of deportation.[2]
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Silva's appeal to the BIA was filed jointly with her then husband, Heriberto Silva. On petition for review, however, only Ana Maria Silva, who is now divorced from Heriberto Silva, is challenging the decision of the BIA
 
 
 [2]
 In her brief, Silva notes that she married a United States citizen on February 1, 1995 and that she would be seeking adjustment of status based on the marriage as well as a stay of these proceedings. No such motion, however, was filed