114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francisco E. GARCIA-HOIL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70053, Asq-jcv-xqu.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 28, 1997.
 
 1
 Before: THOMPSON and T.G. NELSON, Circuit Judges, and FITZGERALD** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Francisco E. Garcia-Hoil, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' affirmance of the immigration judge's decision denying Garcia-Hoil's application for asylum and withholding of deportation under 8 U.S.C. §§ 1158 and 1253(h). We have jurisdiction to consider this petition pursuant to 8 U.S.C. § 1105(a) and we deny the petition.
 
 
 4
 The Board of Immigration Appeal's (BIA or Board) denial of asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Prasad v. I.N.S., 47 F.3d 336, 338 (9th Cir.1995). The standard of review is for abuse of discretion and the BIA's determination will be upheld unless the evidence compels a contrary conclusion. Prasad v. I.N.S., 101 F.3d 614, 617 (9th Cir.1996); Aruta v. I.N.S., 80 F.3d 1389, 1393 (9th Cir.1996). Factual findings underlying the decision, including whether the alien has proved a well-founded fear of persecution, are reviewed for substantial evidence. Prasad, 83 F.3d at 317.
 
 
 5
 A well-founded fear of persecution requires examination of both objective and subjective components. The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution. The objective inquiry requires a showing by credible, direct and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground.
 
 
 6
 Prasad v. I.N.S., 47 F.3d at 338 (internal quotations and citations omitted).
 
 
 7
 Credibility findings of the BIA and the immigration judge (IJ) are reviewed for substantial evidence. Berroteran-Melendez v. I.N.S., 955 F.2d 1251, 1256 (9th Cir.1992). Credibility findings of the IJ "are given substantial deference so long as they are supported by a 'specific, cogent reason' for the disbelief." Id., (quoting, Turcios v. I.N.S., 821 F.2d 1396, 1399 (9th Cir.1987). See also Hartooni v. I.N.S., 21 F.3d 336, 342 (9th Cir.1994) (although the IJ is in the most favorable position to make credibility findings, he must offer specific reasons for any stated disbelief).
 
 
 8
 In considering Garcia-Hoil's testimony, the IJ found it incredible that petitioner was not given any food and lost fifty pounds while in captivity, but within a few weeks was able to travel six hours on foot and on a bus to the border without undergoing intensive medical treatment. The IJ also found it incredible that the guerillas who kidnapped Garcia-Hoil invited him to join their group after they released him.
 
 
 9
 The IJ also noted that there were many inconsistencies in Garcia-Hoil's application for asylum. Although the application was "quite detailed," it made no mention of either the kidnapping or two week sequestration. Garcia-Hoil attempted to explain his failure to mention the kidnaping by stating to the IJ that he thought what he included in his application "was enough to prove my case." The IJ found that because kidnapings are extremely traumatic, it should have been the most important part of the asylum application. Indeed, the IJ found that petitioner's reason for failing to mention the kidnaping in his application was not "believable or substantial in any way."
 
 
 10
 The IJ articulated specific, cogent reasons for his credibility findings, and those findings are entitled to deference. Garcia-Hoil's unreliable testimony did not establish that he suffered from "atrocious forms of persecution" so as to be eligible for asylum based on past discrimination. Kazlauskas v. I.N.S., 46 F.3d 902, 906 (9th Cir.1995) (citing, Acewicz v. I.N.S., 984 F.2d 1056, 1061 (9th Cir.1993). Additionally, petitioner's inconsistent testimony does not satisfy either the subjective or objective components for establishing a well-founded fear of prosecution. Prasad v. I.N.S., 47 F.3d at 338. The BIA's factual findings are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481 (quoting 8 U.S.C. § 1105a(a)(4)). Accordingly, we must deny the petition for review of the asylum claim.
 
 
 11
 Review of the BIA's discretionary denial of voluntary departure is for an abuse of discretion. Rashtabadi v. I.N.S., 23 F.3d 1562, 1566 (9th Cir.1994). The BIA must support its conclusion "with a reasoned explanation based on legitimate concerns." Hernandez-Luis v. I.N.S., 869 F.2d 496, 499 (9th Cir.1989). See Estrada-Luis v. I.N.S., 924 F.2d 916, 920 (9th Cir. 921 (citing Vargas v. I.N.S., 831 F.2d 906, 908 (9th Cir.1987). An applicant is eligible for voluntary departure if he proves "that he has been of good moral character for at least the five years preceding his application." Abedini v. I.N.S., 971 F.2d 188, 192 (9th Cir.1991) (citing 8 U.S.C. § 1254(e)). Additionally, the applicant must show equities meriting such treatment. Abedini, 971 F.2d at 192-93 (citing, Villanueva-Franco v. I.N.S., 802 F.2d 327, 329 (9th Cir.1986).
 
 
 12
 The BIA did not find that Garcia-Hoil was statutorily ineligible for voluntary departure. Rather, the BIA denied him relief as a matter of discretion. The BIA found that petitioner entered the United States without inspection and with the aid of a smuggler, thus participating in a criminal scheme for the purpose of circumventing the immigration laws of the United States. The BIA also found that petitioner did not show that he had any close family ties or other equities which could overcome the significant adverse impact of entering the United States with the aid of a smuggler.
 
 
 13
 Since Garcia-Hoil entered the United States with the aid of a smuggler, circumvented United States immigration laws, and failed to show any significant equities in his favor, voluntary departure was not warranted in this case. Accordingly, we conclude that the BIA's decision was not arbitrary and capricious.
 
 
 14
 The petition for review is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App. 34(a); 9th Cir. 34-4
 
 
 **
 Hon. James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3