141 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben Corpuz LEGASPI, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 96-70922.
I & NS No. Abn-erx-mwf.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1998.
Decided Mar. 25, 1998.
 
 Petition to Review a Decision of the Immigration and Naturalization Service.
 Before FLETCHER, MAGILL,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I. Asylum and Withholding of Deportation
 
 2
 Legaspi's primary evidence was his own testimony. The Board of Immigration Appeals ("BIA") determined that this testimony was not credible. Like the immigration judge ("IJ"), the BIA was "concerned about the inconsistencies in the respondent's testimony regarding his alleged membership in the NPA," and cited numerous testimonial discrepancies. While Legaspi has attempted to explain some of these inconsistencies in his brief, the attempts are just that--mere explanations--and do not negate the inconsistencies or their support for the BIA's finding. Thus, the BIA's negative credibility determination is supported by substantial evidence. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (stating that this court reviews the BIA's credibility findings for substantial evidence and, thus, must uphold the findings unless the evidence presented compels a reasonable fact-finder to reach a contrary result).
 
 
 3
 Without this testimony, Legaspi cannot meet his burden of proving persecution on one of the statutory grounds. Thus, the BIA's denial of Legaspi's application was not erroneous. See Ghaly v. INS, 58 F.3d 1425, 1428 (9th Cir.1995) (stating that the alien has the burden of proving persecution based on one of the statutory grounds).
 
 II. Suspension of Deportation
 
 4
 The BIA did not abuse its discretion in denying Legaspi's application. None of the factors Legaspi cites undermine the BIA's decision. The BIA expressly considered Legaspi's church membership. His fear that selling his possessions would be difficult is not controlling--all deported aliens must address the issue of what to do with their personal possessions. Finally, his desire to maintain the economic benefits of his job is not relevant to the extreme hardship analysis. See Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986) (holding that the general difficulty of readjusting to life in one's country of origin is not a factor in the extreme hardship analysis).
 
 
 5
 Because the BIA considered all of the relevant factors and stated clear reasons for denying the application, it did not abuse its discretion. See Astrero v. INS, 104 F.3d 264, 267 (9th Cir.1996) (stating that the BIA does not abuse its discretion when it has considered all factors relevant to the extreme hardship analysis and has articulated reasons for denying the application that are supported by the record).
 
 III. Procedural Errors
 
 6
 Legaspi's procedural challenges are meritless. First, Legaspi's allegation of the IJ's anti-alien bias was not raised before the BIA and therefore is waived. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987). Second, Legaspi has not shown prejudice resulting from any of the alleged errors. The BIA conducted a de novo review of the substantive issues, and Legaspi has not shown what evidence he would have submitted if he had been given more time to prepare. See Hernandez-Luis v. INS, 869 F.2d 496, 498 (9th Cir.1989) (stating that the alien must produce concrete evidence that the violation had the potential to affect the outcome of the proceeding).
 
 CONCLUSION
 
 7
 The BIA's denial of Legaspi's asylum and withholding of deportation applications was supported by substantial evidence. The BIA did not abuse its discretion in denying Legaspi's application for suspension of deportation. Legaspi's procedural claims fail because he did not raise them before the BIA and because he has not shown any prejudice resulting from the process. For all of these reasons, the petition for review is denied.
 
 
 8
 PETITION DENIED.
 
 
 
 **
 Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3