### Guillermo Rosales GRANADOS, Petitioner,

v.

### John ASHCROFT*, Attorney General of the United States of America,, Respondent.

No. 00–70464.
I & NS No. A70–179–116.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2001**.

Decided Oct. 16, 2001.

---

* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States.

** The panel finds this case appropriate for submission without oral argument pursuant to

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## MEMORANDUM\*\*\*

Guillermo Rosales Granados ("Granados"), a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his request for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1254(a)(1) (now repealed). Both the IJ and BIA concluded that Petitioner failed "to attain the seven years of continuous physical presence necessary to qualify for such relief." *Ram v. INS,* 243 F.3d 510, 512 (9th Cir.2001). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") section 309(c), and we deny the petition.

Petitioner claims that he meets the seven year continuous physical presence requirement necessary for suspension of deportation because he entered the United States on or about June 15, 1986 and that he continuously remained in the United States until the Immigration and Naturalization Service ("INS") issued an Order to Show Cause on April 15, 1994. At the deportation proceeding, however, Petitioner failed to provide any documents to establish that he was continuously and physically present in the United States from 1986 to 1991. Although the record contained an undated, unsworn letter from a co-worker of Petitioner, stating that she had known Petitioner as an officemate at National Health Laboratories since 1988, Petitioner's suspension application indicates that he began working at National

630

Health Laboratories in March 1992. Therefore, substantial evidence supports the BIA's determination that Granados was not eligible for suspension of deportation because he did not establish seven years of continuous uninterrupted physical presence in the United States. *See* 8 U.S.C. § 1254(a)(1); *Hernandez–Luis v. INS,* 869 F.2d 496, 498 (9th Cir.1989).

For the first time on appeal Granados argues that he was denied his Fifth Amendment due process rights to effective assistance of counsel and an interpreter for his parents in his deportation hearing. " 'Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.' " *Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001) (quoting *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987); *Grava v. INS,* 205 F.3d 1177, 1182 (9th Cir.2000)) (This court lacks jurisdiction to review alien's claim that his "Fifth Amendment due process right to effective assistance of counsel in his deportation hearing" was denied because alien failed to raise claim to the BIA). Therefore, we lack jurisdiction to review Granados's due process claims.

PETITION DENIED.