**Delfino VASQUEZ–LOPEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 01–71827.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2002 *.

Filed Jan. 13, 2003.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Michael Franquinha, Phoenix, AZ, for the petitioner.

Robert D. McCallum, Jr., Alison R. Drucker, Donald E. Keener, Office of Immigration Litigation, Washington, DC, for the respondent.

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## OPINION

PER CURIAM.

Delfino Vasquez Lopez ("Petitioner") seeks review of the Board of Immigration Appeals' ("BIA") determination that his departure from the United States pursuant to a grant of voluntary departure under what is now 8 U.S.C. § 1229c occasioned a break in his "continuous physical presence in the United States" for the purposes of 8 U.S.C. § 1229b, the cancellation of removal statute. We conclude that the BIA's reading of § 1229b is entitled to *Chevron* deference and deny the petition for review.

### I.

Petitioner claims that he illegally entered the United States in 1988. He admits that, at some point during the period from 1992 to 1994, he was arrested by immigration authorities, successfully applied for voluntary departure, and was escorted to Mexico by the Border Patrol. Shortly thereafter, he illegally reentered the United States.

In 1998, the INS initiated a removal proceeding against Petitioner by issuing him a Notice to Appear. Petitioner promptly applied to cancel the removal proceeding. The Immigration Judge ("IJ") denied cancellation. The BIA conducted a *de novo* review and concluded that Petitioner lacked the ten years of continuous physical presence required to make him eligible for cancellation of removal. The BIA held that Petitioner's voluntary departure to Mexico caused a break in his physical presence in this country.[1]

### II.

#### A.

When a statute is subject to more than one interpretation, courts will defer to the interpretation of the agency charged with the responsibility for administering it. *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). In such circumstances, we ask only whether the agency's interpretation is a reasonable one. *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778. *See also Yang v. I.N.S.*, 79 F.3d 932, 935 (9th Cir.1996) ("In

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. The Attorney General had previously codified the legal principle on which this holding rests in 8 C.F.R. § 240.64(b)(3), which provides that "continuous physical presence is

terminated whenever an alien is removed from the United States under an order issued pursuant to any provision of the Act or the alien has voluntarily departed under the threat of deportation or when the departure is made for the purposes of committing an unlawful act."

the face of ambiguity or Congressional silence, we should defer to the agency's considered judgment.").

██ Decisions made by the BIA are agency adjudications entitled to *Chevron* deference when deference is otherwise due. *See Yang,* 79 F.3d at 936 ("[I]t is a well-established principle of administrative law that an agency to whom Congress grants discretion may elect between rule making and ad hoc adjudication to carry out its mandate."); *I.N.S. v. Aguirre–Aguirre,* 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (stating that "the BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication") (internal quotations omitted).

**B.**

When Petitioner applied for cancellation of removal, the Attorney General was authorized to grant that discretionary relief only if Petitioner established that (1) he had "been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application," (2) he had "been a person of good moral character during such period," (3) he had not been convicted of specified criminal offenses, and (4) his "removal would result in exceptional and extremely unusual hardship" to his "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1) (2002). We are concerned for present purposes only with the first of these requirements—physical pres-

ence in the United States for a continuous period of ten years.

Petitioner filed his petition for cancellation of removal in 1998. In the early 1990s, he had applied for and had been granted voluntary departure in lieu of removal (then called deportation) under 8 U.S.C. § 1254(e)(1) (1994), which provided, with certain exceptions not here relevant:

"[T]he Attorney General may, in his discretion, permit any alien under deportation proceedings ... to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection.

The record does not disclose when Petitioner returned from Mexico, but it is clear that if his presence there constituted a break in his continuous physical presence in the United States, he did not have ten years of such presence when his application for cancellation was filed.

Under the law existing at the time of Petitioner's departure for Mexico, a § 1254(e)(1) "voluntary departure" under threat of coerced deportation did constitute a break in continuous physical presence. We so held in *Hernandez–Luis v. I.N.S.,* 869 F.2d 496 (9th Cir.1989), and *Barragan–Sanchez v. Rosenberg,* 471 F.2d 758 (9th Cir.1972). In each of those cases, the Petitioner argued that his physical absence following his voluntary departure should be ignored under a rule [2] that excused absences that were "brief, casual,

---

2. In *Barragan–Sanchez,* the rule was from case law. *E.g., Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963). By the time *Hernandez–Luis* was decided the rule had been codified in 8 U.S.C. § 1254(b)(2) (1989), which provided in full:

An alien shall not be considered to have failed to maintain continuous physical presence in the United States under paragraphs (1) and (2) of subsection (a) if the absence from the United States was brief, casual, and innocent and did not meaningfully interrupt the continuous physical presence.

and innocent, and did not meaningfully interrupt the continuous physical presence." 8 U.S.C. § 1254(b)(2) (1965). In rejecting this contention, we stressed that the departures at issue, "although termed 'voluntary', were in fact coerced by threats of deportation." *Barragan–Sanchez,* 471 F.2d at 760. Such departures were "in lieu of deportation" and "accepted[by the alien as] the lesser of two evils." *Id.* As such, "the alleged *voluntary* departures were the result of an implied agreement that [the alien] would not return. Otherwise, there would be no reason behind the procedure of voluntary departures in lieu of deportation proceedings." *Id.* We concluded that, given this commitment to depart and not return absent authorized reentry proceedings, the departures could not be ignored as casual and devoid of significance. *Id.* at 760–61.

The Petitioner here acknowledges that a break in his continuous presence occurred under the law as it existed at the time of his departure. He insists, however, that Congress has since altered the applicable law. His argument is predicated on a subsection of the cancellation of removal statute adopted by Congress in 1996 which provides in relevant part:

**(d) Special rules relating to continuous residence or physical presence**

**(1) Termination of continuous period**

For purposes of this section, any period of … continuous physical presence in the United States shall be deemed to end (A) except in the case of an alien who applies for cancellation of removal under subsection (b)(2), when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the

alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest.

**(2) Treatment of certain breaks in presence**

An alien shall be considered to have failed to maintain continuous physical presence in the United States under subsections (b)(1) and (b)(2) of this section if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days.

8 U.S.C. § 1229b(d)(1)-(2).

Petitioner points out that this subsection deletes the portion of the prior statute excusing absences that are "brief, casual, and innocent and [do] not meaningfully interrupt the continuous physical presence." He views subsection (d)(2) as having been substituted for this deleted material. He concludes that Congress has established a new bright-line, across-the-board rule that all absences are to be ignored if they last less than 90 days and do not exceed 180 days in the aggregate.

As we have indicated, the BIA concludes that the "continuous physical presence" requirement continues to mean the same thing in the context of voluntary departures that it meant before the 1996 amendments. A "voluntary departure" under the statute is something that occurs with the permission of the Attorney General in lieu of removal proceedings.[3] Under subsec-

---

3. Section 1229c(a)(1) provides:

   **(a) Certain conditions**

   **(1) In General**

   The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsec-

   tion, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings, if the alien *is not deportable under section* 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title.

tion (d)(1) of the removal statute as amended, any period of continuous physical presence ends as soon as removal proceedings are instituted. Thus, under this "stop time" provision, those in removal proceedings immediately cease to accrue "presence" that might entitle them to discretionary relief. *See Pondoc Hernaez v. INS,* 244 F.3d 752, 758 (9th Cir.2001). While the statute provides some incentives to an alien to apply for voluntary departure and thus avoid removal proceedings and removal, nothing there suggests that an alien who commits to departure in order to avoid such proceedings is nevertheless entitled to continue accruing "presence" so as to become eligible for other discretionary relief.

■ It well may be, as petitioner suggests, that the 90/180 day rule of § 1229b(d)(2) is intended as a substitute for the more indefinite "brief, casual, and innocent" standard. We may make that assumption arguendo because it does not resolve the issue before us. Section 1229b(d)(2) does not create an exception from the continuous presence requirement. It declares only that when an alien exceeds the 90/180 day standard, he has failed the continuous presence test. It does not mandate that only lengthy physical absence can affect continuous physical presence. At most, this provision can be read to recognize implicitly that some absences may be too insignificant to occasion a break in an alien's continuous physical presence. An implication that some absences may be too insignificant to break the continuum, however, falls far short of a legislative mandate that all departures not exceeding the 90/180 standard are to be excused including even those that occur pursuant to an agreement not to return.

Petitioner was not physically present in the United States while he was in Mexico. That absence was not inadvertent, casual, or otherwise lacking in significance. Rath-

er, it occurred pursuant to an agreement between Petitioner and the Attorney General under which Petitioner agreed to depart and not to return other than in accordance with the entry process applicable to all aliens. It was not unreasonable for the BIA to regard Petitioner's departure under these circumstances as a break in the continuum of his physical presence in the United States. Indeed, to regard him as having maintained his physical presence would be inconsistent with the statutory concept of voluntary departure in general and with the "stop time" provisions of § 1229b(d)(1) in particular.

We will defer to the BIA's reasonable interpretation of the statute. *Aguirre–Aguirre,* 526 U.S. at 425, 119 S.Ct. 1439; *Yang,* 79 F.3d at 935.

The petition for review is DENIED.