United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60364
Summary Calendar

_____

FROYLAN MENDIOZA,

                                        Petitioner,

versus

JOHN ASHCROFT, UNITED STATES
ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A76 452 343)

_____

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

       Froylan Mendioza,[1] a native and citizen of Mexico, petitions for review of the

_____

       [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

       [1] The Immigration and Naturalization Service (INS) initiated proceedings against Froylan Mendioza, his wife Oralia Mendioza, and his daughter Valeria

Board of Immigration Appeal's (BIA) denial of his application for cancellation of removal.  The Immigration Judge (IJ) determined that Mendioza was statutorily ineligible for the remedy of cancellation because he was voluntarily returned to Mexico by the Border Patrol in 1994, which interrupted his continuous physical presence in the United States.  See 8 U.S.C. § 1229b(b)(1)(A) (2002).  We affirm.

1.	In immigration cases, we generally review only the decision of the BIA where it conducts a de novo review of the record.  We review the factual findings of the BIA for substantial evidence.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).  We review its conclusions of law de novo.  Id.  We accord deference to the BIA's interpretation of immigration statutes unless the BIA's interpretation is unreasonable.  Id. (citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984)).

2.	In order to be statutorily eligible for cancellation of removal, the alien must demonstrate, among other things, that he "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application."  8 U.S.C. § 1229b(b)(1)(A).  The burden of proof of statutory eligibility for cancellation rests on the applicant.  8 C.F.R. § 240.64(a) (2002).

---

Mendioza.  Only Mr. Mendioza's petition for review is before this Court.  The amended petition for review, which included the cases of Mrs. Mendioza and Valeria, was dismissed as untimely on the INS's motion.

3. Mendioza was taken into custody by the Border Patrol in March or April of 1994 when he crossed the Sierra Blanca checkpoint in Texas during the course of his employment. No paperwork was completed, and, upon being told by a Border Patrol agent that he would be detained pending a removal hearing, Mendioza agreed to voluntarily return to Mexico. Mendioza testified that he intended to illegally return to the United States when the Border Patrol agents escorted him across the border. Mendioza walked back across the border into Texas the next day.

4. An alien "must establish that any period of absence less than 90 days was casual and innocent and did not meaningfully interrupt the period of continuous physical presence in the United States." 8 C.F.R. § 240.64(b)(2). A period of continuous physical presence is terminated if an alien is removed under an order of deportation or removal, if an alien voluntarily departs in lieu of deportation or removal, or if the departure is made for purposes of committing an unlawful act. Id. § 240.64(b)(3). The BIA determined that Mendioza could not establish 10 years of continuous physical presence in the United States because he departed under the threat of deportation.

5. The BIA has determined that departure under the threat of deportation constitutes a meaningful break in the continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A). In re Romelz-Alcaide, 23 I. & N. Dec. 423 (BIA 2002); see also

3

Vasquez-Lopez v. Ashcroft, 2003 WL 103002 (9th Cir. 2003) (rejecting the

argument advanced by Mendioza that 8 U.S.C § 1229b(d)(2) mandates that only

lengthy physical absences can affect continuous physical presence).[2] The BIA's

interpretation of 8 U.S.C. § 1229b(b)(1)(A) is not unreasonable. Accordingly,

Mendioza's petition for review is DENIED.

---

[2] We recognize that <u>Vasquez-Lopez</u> involved a formal application by Vasquez-Lopez requesting that the INS not initiate removal proceedings if Vasquez-Lopez voluntarily departed the United States. <u>See</u> <u>Vasquez-Lopez</u>, 2003 WL 103002, at *2 (citing 8 U.S.C. 1254(e)(1) (1994), <u>repealed by</u> Illegal Immigration Reform and Immigrant Responsibility Act of 1996, § 308(b)(7), 110 Stat. 3009-615). However, as the Ninth Circuit noted, a departure under the threat of deportation cannot be understood as a casual or innocent absence. <u>Id.</u> That court's rationale applies equally to cases involving a formal grant of voluntary departure (now governed by 8 U.S.C. § 1229c (2002)) and cases involving an informal agreement that if the alien departs of his own will, the Border Patrol agents will not cause removal proceedings to be initiated against him. Were we to hold otherwise, the alien who knowingly deceived Border Patrol agents would be in a better position than the alien who respected the legal process and submitted an application for voluntary departure in accordance with statutory procedures.