**Juan Carlos SANCHEZ–SANCHEZ,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 02–73664.**
**Agency No. A76–704–837.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Jan. 27, 2004.

Kevin A. Bove, Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, David M. McConnell, Julia K. Doig, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

MEMORANDUM**

Petitioner Juan Carlos Sanchez–Sanchez petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. (2003). Because we find that the BIA did not err in its decision, we deny the petition.

Petitioner is a native of Mexico who first entered the United States without inspection on or about June 1, 1989. On March 22, 2000, the Immigration and Naturalization Service ("INS") issued a Notice to Appear charging petitioner with being subject to removal from the United States under the INA, 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner subsequently applied for cancellation of removal, and a hearing was held on his application.

At the hearing, petitioner conceded that he had been detained by Immigration authorities in the United States no fewer than three times, in 1992, 1994, and 1999. Each of these times, petitioner testified, he had signed for "voluntary departure," which permitted the authorities to return him to Mexico in lieu of placing him in deportation or removal proceedings.

The Immigration Judge ("IJ") held that petitioner was ineligible for cancellation of removal because he had not proven ten years of continuous physical presence in the United States. Although the IJ based his decision on a finding that petitioner had spent more than 90 days outside of the United States in 1994, the BIA dismissed petitioner's appeal on the alternate ground that petitioner's voluntary departures in 1992, 1994, and 1999 interrupted his continuous physical presence in the United States, irrespective of the length of those

departures. We review de novo legal determinations of the BIA, including its interpretation of the INA. Ratnam v. INS, 154 F.3d 990, 994 (9th Cir.1998). Because Congress has made an implicit delegation of authority to the Attorney General to interpret and apply the INA, however, we accord deference to the BIA's interpretation of the statute when Congress's intent is unclear. INS v. Aguirre–Aguirre, 526 U.S. 415, 425, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999).

To be eligible for cancellation of removal, a removable alien must prove, inter alia, ten years of continuous physical presence. 8 U.S.C. § 1229b(b)(1)(A). If any of petitioner's returns to Mexico by the INS are deemed to have interrupted his continuous physical presence, he is ineligible for cancellation of removal.

In Vasquez–Lopez v. Ashcroft, 343 F.3d 961 (9th Cir.2003), amending 315 F.3d 1201 (9th Cir.2003), we upheld a determination by the BIA and the Attorney General that voluntary departure under threat of deportation constitutes a break in continuous physical presence for purposes of cancellation of removal. Id. at 973–74. Petitioner argues on appeal that the BIA did not find that the INS returned him to Mexico "under threat of deportation," that the record contains no evidence that he was ever "under threat of deportation," and implicitly that, without such evidence, the returns cannot be found to have interrupted his continuous physical presence. Petitioner's contentions are meritless.

As the government correctly points out, all returns of aliens to Mexico by the INS are "under threat of deportation" because the INA only permits voluntary departure "in lieu of being subject to [removal] proceedings." 8 U.S.C. § 1229c(a)(1).

Whether petitioner had actual knowledge that he would be subject to removal proceedings if he did not agree to voluntarily return to Mexico is entirely irrelevant to the legitimacy of the Attorney General's actions. Each time he was detained by the INS, petitioner knew that he was in the United States illegally, and knowingly signed voluntary departure papers to expedite his return to Mexico. Our use of the phrase "under threat of deportation" in *Vasquez–Lopez* illustrates that an alien's voluntary departure is not so much "voluntary" as it is contractually coerced, because the agreement to depart stems from the alien's desire to avoid removal proceedings. *See Vasquez–Lopez,* 343 F.3d at 970–71. The phrase does not impose any substantive requirement on the Attorney General where an alien admits his illegal presence and agrees to be returned to his country of origin. To impose such a requirement would be inconsistent with the grant of discretion given to the Attorney General to permit administrative voluntary departures. *See id.* at 974. For these reasons, the BIA did not err in holding that petitioner was ineligible for cancellation of removal.

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.